IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

STERLING T. FULLER,

    Plaintiff

VS.

IRA EDWARDS, JACK MITCHELL,
HEIDI DAVIDSON, GENE MAYS,
ELTON DODSON, DAVID LYNN,
GEORGE MAXWELL, HARRY SIMS,
STATES MCCARTER, JOHN DOE,
and JANE DOE,

    Defendants

NO. 3:07-CV-95 (CDL)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# ORDER AND RECOMMENDATION

Plaintiff **STERLING T. FULLER**, a pretrial detainee at the Athens-Clark County Jail in Athens, Georgia, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated September 11, 2007, the Court granted his request to proceed *in forma pauperis*.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See ***Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff makes numerous claims against the multiple defendants. All of these claims are addressed below:

### A. Failure to hold an orientation session

Plaintiff alleges that he has not been provided "the required orientation session as required by the inmate handbook." While this may be true, the failure to provide an "orientation session" does not amount to a violation of any rights, privileges, or immunities secured by the Constitution of the United States. See ***Wideman,*** 826 F.2d at 1032. Therefore, such failure does not state a claim for relief under § 1983. Therefore, the undersigned **RECOMMENDS** that plaintiff's claim that he was denied his required "orientation session" be **DISMISSED** from this action.

Under 28 U.S.C. § 636 (b)(1), plaintiff may serve and file written objections to these recommendations with the District Judge to whom this case is assigned WITHIN TEN (10) DAYS after being served with a copy of this order.

### B. Access to courts

Plaintiff makes the general allegation that he has been denied "a properly stocked library for legal research and preparation of legal documents." Moreover, plaintiff makes the related claim that the housing of pretrial detainees "to a facility 4.5 hrs (sic) south of the current jail" denies them access to the courts. Finally plaintiff states that inmates are denied "enough materials, postage, envelopes, paper, etc. to properly prosecute pending civil or legal matters."

- 2 -

There is no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In order to state a cognizable claim of denial of access to the courts, plaintiff must "demonstrate the that alleged [inadequacies] . . . hindered his efforts to pursue a legal claim." *Id*. at 351. Plaintiff has not shown any actual injury due to the poorly stocked library, lack of materials, and housing situation. The Court also notes that the housing or placement of inmates (including pretrial detainees) is an administrative task "peculiarly within the province of prison authorities." *Freeman v. Fuller*, 623 F. supp. 1224, 1227 (S. D. Fla. 1985). The Courts will not interfere with issues regarding housing except in extreme cases. This is certainly not an extreme case that would warrant such interference. *Id*. Therefore, the undersigned **RECOMMENDS** that plaintiff's various claims regarding lack of access to courts be **DISMISSED** from this action.

Under 28 U.S.C. § 636 (b)(1), plaintiff may serve and file written objections to these recommendations with the District Judge to whom this case is assigned WITHIN TEN (10) DAYS after being served with a copy of this order.

### C. Conditions of confinement

Plaintiff makes numerous allegations regarding the conditions of confinement at the Athens-Clarke County Jail. First, plaintiff complains that inmates, including himself, are forced to sleep on the floor due to overcrowding and under-funding. Plaintiff also states that there is a "failure to provide inmates a safe and secure way to prevent personal items from being stolen while an inmate is away in court, receiving medical treatment, visitation, [or] attending religious services."[1] Plaintiff complains that the jail staff do not provide gloves and masks so that the inmates can clean and sanitize the showers. He complains about the lack of "clear, consistent policies about inmates who require special needs." Finally, plaintiff states that the commissary does not stock enough items for diabetics to purchase.

The Court notes that plaintiff is a pretrial detainee at the Athens-Clarke County Jail. The Eleventh Circuit Court of Appeals has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the [E]ighth [A]mendment for convicted persons." *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir.1985).

---

[1]Plaintiff does not state that he has ever had any personal item stolen.

Under the Eighth Amendment (and the due process clause), prison officials have a duty to provide humane conditions of confinement and a duty to ensure that prisoners receive adequate food, clothing, shelter, and medical care. *See Hudson v. McMillian*, 503 U.S. 1 (1992); ***Hudson v. Palmer***, 468 U.S. 517 (1984). However, the Supreme Court has made it clear that the Constitution requires neither than prisons be comfortable nor that they provide every amenity that one might find desirable. ***Rhodes v. Chapman***, 452 U.S. 337, 349 (1981). To prevail on an Eighth Amendment claim (and a due process clause), plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) that prison officials acted with "deliberate indifference," that is, the officials knew of and disregarded an excessive risk to inmate health and safety. ***Farmer v. Brennan,*** 511 U.S. 825, 834 (1994).

None of plaintiff's allegations, alone or in the aggregate, are sufficiently serious enough to implicate the Constitution. Therefore, the Undersigned **RECOMMENDS** that plaintiff's claims regarding the conditions of confinement at the Athens-Clarke County Jail be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

### D.  Grievance process

Plaintiff complains that inmates are not provided copies of their grievances, given receipts for their grievances, or given grievance case numbers when they file grievances. However, there is no constitutional right to participate in a grievance process. ***Wildberger v. Bracknell***, 869 f.2d 1467, 1467-68 (11th Cir. 1989). Therefore, prison officials' failure to provide case numbers, or give copies of, or receipts for grievances does not amount to a violation of the Constitution. Accordingly, the undersigned **RECOMMENDS** that plaintiff's claims regarding the conditions of confinement at Athens-Clark County Jail be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

### E. General allegations of racial discrimination, First Amendment violations, and interference with mail

Plaintiff states that several defendants have failed to "curb the rampant reverse racial discrimination of black officers and inmates towards white officers and inmates." Morever, he states that defendants have failed to "protect inmates from violations of [their] U.S. Constitutional right to First Amendment free speech, practice of religion, freedom of assembly to have private, inmate led Bible studies, prayer groups and what an inmate can or cannot eat." Finally, he states that defendants "allow staff to interfere with the U.S. mail leaving and coming into this facility."

These claims must be dismissed because they are conclusory and unsupported by facts and because they do not state specific allegations relating to the plaintiff himself. Plaintiff has failed to supply any *specific* facts regarding these allegations. Moreover, plaintiff seems to think that he has filed this complaint on behalf of all of inmates or pretrial detainees at the Athens-Clark County Jail. However, prisoners that are proceeding *in forma pauperis* (such as plaintiff) are not allowed to join together as plaintiffs in a single lawsuit. ***Hubbard v. Haley***, 262 F.3d 1194 (11th Cir. 2001). Plaintiff is allowed to pursue only claims that are personal to him, not those that relate to other pretrial detainees or inmates. For these reasons, the Undersigned **RECOMMENDS** that plaintiff's claims regarding discrimination, the First Amendment, and interference with mail be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served a copy of this Order.

### F. Jane and John Doe

Plaintiff has listed "John Doe x 6" and "Jane Doe x 3" in the heading of his complaint. Presumably this means plaintiff wishes to list six John Does and three Jane Does. Plaintiff also explains in the supplement to his complaint that he wishes to show an unnamed lieutenant and floor deputy along with some unnamed nurses as defendants.

The Court has no way of knowing the identity of these unnamed individuals and has no way of perfecting service of a complaint and summons upon them. Moreover, fictitious party practice is not permitted by the Federal Rules of Civil Procedure or any other statute. *Seeks v. Benton*, 649 F. Supp. 1297 (S.D. Ala. 1986). Plaintiff can seek to amend his complaint if and when he determines the actual names of these individuals. Plaintiff must keep in mind any applicable statute of limitations that would apply. Accordingly, the undersigned **RECOMMENDS** that the "John Doe x 6", "Jane Doe x 3", any unnamed lieutenants, floor deputies, or nurses be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served a copy of this Order.

### G. Denial of food and medication

Plaintiff Fuller explains that he is diabetic and must eat three meals per day. According to plaintiff, Sheriff Ira Edwards, Jack Mitchell, and Captain A. Burke[2] have denied his midday meal as a form of punishment. Plaintiff states that this causes his blood sugar level to get dangerously low. Plaintiff also claims that Nurse Administrator Becky (last name unknown)[3] has denied his necessary medication.

While the Court has reservations regarding these two claims, the Court cannot find that they are completely frivolous. Therefore, these two claims only should go forward. The only remaining defendants are **Sheriff Ira Edwards, Jack Mitchell, Captain A. Burke, and Nurse Administrator Becky**.

---

[2] Although plaintiff has named shown Captain A. Burke in the supplement to his original complaint, he failed to list Captain A. Burke in the heading of his original complaint. Captain A. Burke must be added to this action.

[3] Plaintiff did not show Nurse Administrator Becky in the heading of his original complaint. He has only shown her in the supplement. Therefore, Nurse Administrator Becky should be added to this action. Moreover, plaintiff should be notified that if the process server cannot determine the identity of Nurse Administrator Becky, which is entirely possible, he/she will not be able to serve Nurse Administrator Becky with notice of this action

Accordingly, IT IS ORDERED AND DIRECTED that service be made as provided by law upon defendants **Sheriff Ira Edwards, Jack Mitchell, Captain A. Burke, and Nurse Administrator Becky**; that a WAIVER OF REPLY, an ANSWER <u>or</u> such other response as may be appropriate under Rule 12 of the **FEDERAL RULES OF CIVIL PROCEDURE**, 28 U.S.C. §1915, and the *Prison Litigation Reform Act* be filed herein by said defendants as required and permitted by law.

It is further ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian, if any.

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

☞ ## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determine that discovery has been completed and all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to <u>file</u> original motions, pleadings, and correspondence with the Clerk of court; to <u>serve</u> copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

**THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!**

## DISCOVERY

PLAINTIFF(S) SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANT(S) FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF(S). THE DEFENDANT(S) SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his/her custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL NOT BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

☞ ## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the **WARDEN** of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall *each month* cause to be remitted to the Clerk of this court **TWENTY PERCENT (20%)** of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of court *each month* until the filing fee is paid in full, *provided* the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

## ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞ After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented. Upon <u>receipt</u> of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS. Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients. However, counsel <u>must</u> specify on the **ELECTION FORMS** on whose behalf the form is executed.

SO ORDERED AND RECOMMENDED, this 31st day of OCTOBER, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

**ADDENDUM TO ORDER**

| NOTICE TO ALL PARTIES |
|---|

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.