IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

STERLING T. FULLER,

    Plaintiff

VS.

IRA EDWARDS, JACK MITCHELL,
HEIDI DAVIDSON, GENE MAYS,
ELTON DODSON, DAVID LYNN,
GEORGE MAXWELL, HARRY SIMS,
STATES MCCARTER, JOHN DOE,
and JANE DOE,

    Defendants

NO. 3:07-CV-95 (CDL)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

## ORDER DENYING APPOINTMENT OF COUNSEL

    Plaintiff STIRLING T. FULLER has requested this court to provide legal representation for him in the above-captioned proceeding. Tab #9. Generally speaking, no right to counsel exists in §1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *Mekdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983); it is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

    Plaintiff's motion for appointment of counsel is viewed by the court as being <u>premature</u>. Until such time as the defendants have been served <u>and</u> the court has an opportunity to review responsive pleadings of the defendants, it cannot properly evaluate plaintiff's need for counsel in this action. The court on its own motion will consider assisting plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights.

    Accordingly, at this time plaintiff's motion for appointment of legal counsel is DENIED.

    SO ORDERED, this 31st day of OCTOBER, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE